CARLSMITH BALL LLP

WILLIAM M. HARSTAD        8942
DEREK B. SIMON             10612
IAN R. WESLEY-SMITH       10626
ASB Tower, Suite 2100
1001 Bishop Street
Honolulu, HI  96813
Tel No. 808.523.2500
Fax No. 808.523.0842
wharstad@carlsmith.com
dsimon@carlsmith.com
iwesley-smith@carlsmith.com

Attorneys for Defendant
CRANE CO.

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| PHILIP T. SOLATORIO and DIANNA S. SOLATORIO,<br><br>       Plaintiffs,<br><br>   vs.<br><br>CRANE COMPANY, a Delaware corporation,<br><br>       Defendant. | CIVIL NO. __1:21-cv-67__<br>(Toxic Tort/Asbestos Personal Injury)<br><br>**DEFENDANT CRANE CO.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1442 & 1446**; DECLARATION OF WILLIAM M. HARSTAD; EXHIBITS "1"-"5"; CERTIFICATE OF SERVICE |

**DEFENDANT CRANE CO.'S NOTICE OF
REMOVAL PURSUANT TO 28 U.S.C. §§ 1442 & 1446**

**TO:  THE CLERK OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAIʻI AND TO PLAINTIFFS
AND THEIR COUNSEL OF RECORD**

4815-9257-7753.1.068119-00001

Defendant Crane Co. ("**Crane Co.**") hereby removes this action from the Circuit Court of the First Circuit, State of Hawai'i to the United States District Court for the District of Hawai'i based on federal-officer jurisdiction under 28 U.S.C. §§ 1442(a)(1) and 1446. In support of this removal, Crane Co. provides the following short and plain statement:

1.      On or about December 10, 2020, Plaintiffs Philip T. Solatorio ("**Mr. Solatorio**") and Dianna S. Solatorio (together, "**Plaintiffs**") initiated a civil action entitled *Philip T. Solatorio and Dianna S. Solatorio v. Crane Company,* 1CCV-20-0001644, in the Circuit Court of the First Circuit, State of Hawai'i. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2.      Crane Co. was served with the Summons and Complaint on or about January 8, 2021.  **Ex. 1**.

3.      Crane Co.'s Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) and Fed. R. Civ. P. 6(a)(1)(C) because it removed within thirty (30) days of being served with the Complaint.

4.      Removal to the United States District Court for the District of Hawai'i is proper under 28 U.S.C. § 1441(a) because the Complaint was filed in the Circuit Court of the First Circuit of the State of Hawai'i, which is located within the jurisdiction of this district.

5.     The Complaint alleges, *inter alia*, that Mr. Solatorio was exposed to asbestos attributable to Crane Co.'s products at the Pearl Harbor Naval Shipyard and other shipyards while serving in the United States Navy aboard Navy ships. *See* Compl. (**Ex. 1**) at ¶¶ 3-4. Specifically, the Complaint alleges that Mr. Solatorio was exposed to asbestos attributable to Crane Co.'s products (i.e., "steam valves, gate valves, globe valves, check valves") while serving in the United States Navy aboard the USS Kawishiwi (AO-146) and USS Cacapon (AO-52) during the approximate years 1956 to 1962, during which he tended and worked on boilers and other equipment. *Id.*

6.     The allegation that Mr. Solatorio was exposed to asbestos while serving in the United States Navy and performing work on Navy ships at a Naval shipyard gives rise to Crane Co.'s federal defense, often called the government contractor defense.

7.     In short, any Crane Co. products that Mr. Solatorio alleges exposure to in the course of work at naval shipyards and on Navy ships would have been manufactured and supplied to the Navy, along with any product literature, labeling, or warnings that accompanied those products, in strict accordance with Navy specifications and requirements. As such, the United States Navy retained and exercised full discretion regarding whether (i) asbestos was used in the products it procured and (ii) whether a warning would accompany the products (and if so,

what it would say). Without approval from the Navy, Crane Co.'s products could not have been used aboard Navy ships.

8.      Removal is proper under 28 U.S.C. § 1442(a)(1) where the removing defendant establishes that: (1) the defendant is a person under the statute; (2) the defendant was acting under the direction of a federal officer when it engaged in the allegedly tortious conduct; (3) there is a causal nexus between the plaintiffs' claims and the defendant's actions under federal direction; and (4) the defendant has raised a colorable defense based on federal law. *See Mesa v. California*, 489 U.S. 121, 124–25, 129–31, 134–35 (1989).

9.      In *Leite v. Crane Co.*, the United States Court of Appeals for the Ninth Circuit held that Crane Co. had met all of the requirements of federal-officer removal on the basis of allegations and evidence identical to those submitted here in all pertinent respects. *See Leite v. Crane Co.,* 749 F.3d 1117, 1120 (9th Cir. 2014). Like Mr. Solatorio, the plaintiffs in *Leite* worked aboard United States Navy ships at the naval shipyards and brought claims for injuries allegedly caused by their exposure to asbestos-containing products manufactured by Crane Co. and used on Navy ships at the Pearl Harbor Naval Shipyard. *See id.* at 1119-1120; Compl. (**Ex. 1**) at ¶¶ 3-6. As such, *Leite* is on all fours with the facts and law of the present case.

10.     The court in *Leite* affirmed the right of equipment manufacturers to remove asbestos personal-injury actions involving allegations of exposure at U.S. Navy facilities. *See Leite,* 749 F.3d 1117. That right has also been upheld by the Third, Fourth, and Seventh Circuits in cases involving other similarly situated defendants. *See Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805 (3d Cir. 2016); *Sawyer v. Foster Wheeler LLC*, 860 F.3d 249 (4th Cir. 2017); *Ruppel v. CBS Corp.*, 701 F.3d 1176 (7th Cir. 2012).

11.     Thus, as the United States Court of Appeals for the Ninth Circuit recognized in *Leite*, all four elements of the removal analysis are satisfied here.

12.     First, Crane Co., as a corporation, qualifies as a "person" for purposes of the statute. *See Winters v. Diamond Shamrock Chemical Co.*, 149 F.3d 387, 398 (5th Cir. 1998).

13.     Second, Crane Co. was "acting under" the direction of the Navy because it contracted with the Navy to produce products that the Navy required to build its ships and fulfill its operational objectives. *See* Affidavit of Dale J. Friemoth ("**Friemoth Aff.**") at ¶¶ 6-9, attached as **Exhibit 2**; Affidavit of David P. Sargent ("**Sargent Aff.**") at ¶¶ 22-32, attached as **Exhibit 3**; *see also Leite*, 749 F.3d at 1123.

14.      More specifically, the Navy has issued Military Specifications (MILSPECs) for various products − including the types of products allegedly

manufactured or supplied by Crane Co. here − and certain MILSPECs required the use of asbestos or asbestos components. *See* Sargent Aff. at ¶¶ 26-27, and 32. Compliance with the specifications for equipment to be used on Navy ships was directly monitored by Naval Machinery Inspectors. *See* Sargent Aff. at ¶ 29. As a result, unless Crane Co. products were first determined to be in conformity with all applicable Navy specifications, they could not be installed aboard Navy ships. *See* Sargent Aff. at ¶ 29.

15.     The Navy's specifications governed not only the design and construction of Crane Co. products, but also the form and content of any labeling, product literature, or warnings supplied with the products. *See* Sargent Aff. at ¶¶ 23-32. The Navy reviewed the proposed product literature and labeling that accompanied products like those supplied by Crane Co. and, at its discretion, edited the wording of instructional material and warnings, approving certain warning language and disapproving other language. *See* Sargent Aff. at ¶ 59 & Exhibit K, Doc. 2-8 (examples of the Navy providing line-by-line edits to the product literature and proposed warning language of equipment manufacturers like Crane Co.).

16.     Given the Navy's direct and detailed control over the design and manufacture of Crane Co. products and any accompanying literature/labeling, the "acting under" element of the removal analysis is satisfied here.

17.     Third, in light of the Navy's direction and control of both the design and manufacture of Crane Co. products, there is a strong "causal nexus" between Plaintiffs' claims and Crane Co.'s allegedly tortious actions. Indeed, Plaintiffs' claims against Crane Co. depend solely on actions Crane Co. took in accordance with directions and specifications issued by the Navy. *See Leite*, 749 F.3d at 1124.

18.     Finally, Crane Co.'s government contractor defense is a colorable federal defense to Plaintiffs' claims. As set forth by the United States Supreme Court in *Boyle v. United Technologies Corp.*, 487 U.S. 500 (1988), the government contractor defense applies when (1) the United States approved reasonably precise specifications; (2) the equipment conformed to those specifications; and (3) the supplier warned the United States about any dangers inherent in use of the equipment that were known to the supplier but not to the United States.

19.     As the Ninth Circuit has held, Crane Co. has a colorable government contractor defense because, as detailed above, Crane Co. products – as well as any labeling, product literature, or warnings supplied with those products – were designed and manufactured in accordance with precise specifications approved, and enforced, by the Navy. *See Leite*, 479 F.3d at 1123; Friemoth Aff. at ¶¶ 9-11; Sargent Aff. at ¶¶ 22-32.

20.     Moreover, throughout the 1900s, the Navy was one of the leaders in industrial hygiene in the United States. Accordingly, the Navy possessed "state of

4815-9257-7753.1.068119-00001                                          7.

the art" knowledge regarding the hazards of asbestos equal to or superior to its equipment suppliers, such as Crane Co. *See* Report and Declaration of Samuel A. Foreman, M.D. ("**Forman Dec.**") at ¶¶ 26-56, attached as **Exhibit 4**.

21.    These averments, and the evidence supporting them, establish a colorable government contractor defense and satisfy all elements of the federal-officer removal statute. *See Leite*, 749 F.3d 1117.

22.    As required by Section 1446(a), copies of all process, pleadings, and orders served on Crane Co. were filed with Crane Co.'s original notice of removal.

23.    Pursuant to Section 1446(d), Defendant Crane Co. filed written notice of this removal with the Circuit Court of the First Circuit of the State of Hawaiʻi concurrently with the filing of its original notice of removal. Crane Co. has served that notice on counsel of record. (A copy of the notice to be filed with the state court is attached as **Exhibit 5**).

WHEREFORE, Defendant Crane Co. requests that this Court assume jurisdiction over this case on removal from the Circuit Court of the First Circuit of the State of Hawaiʻi.

DATED: Honolulu, Hawaiʻi, January 28, 2021.

/s/ *William M. Harstad*

WILLIAM M. HARSTAD
DEREK B. SIMON
IAN R. WESLEY-SMITH

Attorneys for Defendant
CRANE CO.