GALIHER DeROBERTIS & WAXMAN LLP

| | |
|---|---|
| L. RICHARD DeROBERTIS | 3179 |
| ILANA K. WAXMAN | 8733 |
| ALLSON M. AOKI | 6912 |
| ALYSSA R. SEGAWA | 9798 |

820 Mililani Street, Suite 505
Honolulu, Hawai`i 96813-2935
Telephone: (808) 597-1400
Facsimile: (808) 591-2608

Attorneys for Plaintiffs

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0001644
10-DEC-2020
09:33 AM
Dkt. 1 CMPS**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| IN RE: <br> HAWAI`I STATE ASBESTOS CASES <br><br> This Document Applies To: <br><br> PHILIP T. SOLATORIO and <br> DIANNA S. SOLATORIO, <br><br> Plaintiffs, <br><br> vs. <br><br> CRANE COMPANY, a Delaware corporation, <br><br> Defendant. | CIVIL NO. _____ (JHA) <br> (Toxic Tort/Asbestos Personal Injury) <br><br> **COMPLAINT; SUMMONS** <br><br><br><br><br> Complex Litigation <br> Judge: Honorable James H. Ashford <br> Trial Date: None |

N:\Clients\51-4355\Pleadings\Complaint_Crane.doc

COMPLAINT

FIRST CAUSE OF ACTION:

1. Plaintiffs above named are husband and wife respectively. Plaintiff PHILIP T. SOLATORIO is hereinafter referred to as "Plaintiff first named"; Plaintiff DIANNA S. SOLATORIO is the spouse of Plaintiff PHILIP T. SOLATORIO and is hereinafter

**EXHIBIT 1**

referred to as "Plaintiff second named". Plaintiffs are residents of the City and County of Maui, State of Hawai'i.

2.  Defendant CRANE COMPANY, a Delaware corporation, (hereinafter also "Defendant" or "CRANE CO."); was doing business in the State of Hawai`i at all times mentioned herein.

3.  Defendant above named, manufactured, sold and/or supplied certain generically similar asbestos products which were ultimately used by insulators and others, and/or to which they came in contact, while working in their trades and occupations in the State of Hawai`i and other locations. Defendant above named also manufactured, sold and/or supplied certain generically similar asbestos products to Pearl Harbor Naval Shipyard and other shipyards and ships for use in the general overhaul, building, refitting and maintenance of ships. Defendant sold and supplied certain equipment to the United States Navy and Pearl Harbor Naval Shipyard and other shipyards, which contained asbestos gaskets and/or packing and which were sold by said defendant as after-market replacement parts and which required asbestos insulation, or required other asbestos containing parts to function properly; and also sold replacement component parts for their equipment, including asbestos gaskets and packing which were identical to their commercial counterparts. This equipment includes but is not limited to the following: CRANE CO. (steam valves, gate valves, globe valves, check valves) and through its predecessors Cochrane (deaerating tanks) and Chapman (valves); all which contained asbestos insulation, asbestos gaskets and/or asbestos packing, and all of which used asbestos-containing parts to function properly.

4.  Plaintiff first named tended and worked on boilers and other equipment while in the U.S. Navy from approximately 1956 to 1962, where asbestos products were being used; and

worked in and on ships, including USS Kawishiwi (AO-146) and USS Cacapon (AO-52), where the said asbestos products were being used; and was repeatedly exposed to great quantities of asbestos, asbestos dust and asbestos fibers; and on these and other occasions, PHILIP T. SOLATORIO inhaled asbestos dust and fibers from said asbestos products; and said exposures and inhalation directly and proximately caused Plaintiff first named to develop lung cancer and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system and other parts of his body, which were not discovered and/or were disguised until about May 2019.

5.  The said injuries to Plaintiffs were caused by the negligence of Defendant.

6.  At all times and places mentioned herein, Defendant negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, recommended and delivered the hereinabove described certain asbestos products in such manner so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are customarily treated, used and employed; and, that said Defendant, negligently failed to discover said defects and/or failed to warn and/or adequately test and give adequate warning of known or knowable dangers of asbestos products to users of said products of said defects and dangers and/or failed to find or use a safe substitute insulating material.

7.  At all times and places mentioned herein, Defendant, carelessly and negligently permitted dangerous and defective asbestos products to exist at the hereinabove described locations; and furthermore, Defendant, negligently failed to provide Plaintiff first named a safe place of employment by reason of their acts, omissions and conduct.

8.  As a result of the above, Plaintiff first named contracted lung cancer and other asbestos-related diseases and injuries to his lungs, chest cavity, cardiovascular system, and other

bodily injuries, including shock, great pain of mind and body, fear of cancer and fear of death, and has been permanently injured.

9. As a further result of the above, Plaintiffs have incurred medical bills and miscellaneous expenses, and ask leave to amend this Complaint to show the total thereof at the trial.

10. As a further result of the above, Plaintiffs sustained wage losses, to be shown at the time of trial.

SECOND CAUSE OF ACTION:

11. Plaintiffs reallege and incorporate herein by reference, paragraphs 1 through 10 of the First Cause of Action.

12. At all times and places mentioned herein, Defendant was engaged in the business of designing, manufacturing, assembling, maintaining for sale, testing, inspecting, marketing, distributing, recommending and selling, leasing, renting and supplying asbestos products.

13. Hereinabove described asbestos products were in substantially the same condition as at the time of design, manufacture, assembly, testing, inspection, marketing, distribution and sale.

14. At all times and places mentioned herein, said asbestos products failed to meet consumer expectations of safety, and were unreasonably dangerous and in a defective condition as to design and marketing, and Defendant failed to warn or give adequate warning calculated to reach the ultimate users or consumers of the dangers of asbestos products, all of which directly and proximately resulted in the injuries and damages sustained by Plaintiffs.

15. By reason of the premises, Defendant is strictly liable to Plaintiffs.

THIRD CAUSE OF ACTION:

16. Paragraphs 1 through 15 are realleged and incorporated herein by reference.

17. At all times and places mentioned herein, Defendant, at the time of design, manufacture, and sale of said asbestos products expressly and impliedly warranted that said asbestos products as hereinabove described were of merchantable quality, properly designed, manufactured and reasonably fit and suitable for ordinary use in the ship construction, ship overhaul and ship refitting industries.

18. At all times and places mentioned herein, Defendant, breached said warranty, in that, among other things, said asbestos products were not of merchantable quality nor properly designed nor manufactured nor fit for ordinary use in the industry; that said asbestos products were designed, manufactured, fabricated, assembled, supplied, marketed, sold and distributed in such a dangerous and defective condition that said asbestos products were reasonably likely to, and did, cause injury by reason of Defendant's design and manufacture and failure to warn; and further said asbestos products could not safely be used by a person exercising ordinary and reasonable care.

19. As a direct and proximate result of these breaches of expressed and implied warranties, Plaintiffs suffered injury, disease, and damage as is herein set forth.

FOURTH CAUSE OF ACTION:

20. Paragraphs 1 through 19 are realleged and incorporated herein by reference.

21. By reason of the injuries to Plaintiff first named, PHILIP T. SOLATORIO, Plaintiff second named, DIANNA S. SOLATORIO, suffered loss of affection, society, company, support, consortium, companionship, comfort and protection and suffered serious emotional distress.

FIFTH CAUSE OF ACTION:

22. Paragraphs 1 through 21 are realleged and incorporated herein by reference.

23. As a direct and proximate result of the Defendant manufacturing asbestos materials and placing them in the stream of interstate commerce, Plaintiffs have been injured as described herein.

24. Plaintiffs, through no fault of their own, may not be able to identify any or all asbestos products which caused the injuries stated herein.

25. Defendant manufacturer is liable for Plaintiffs' injuries in proportion to that Defendant manufacturer's share of the asbestos materials market.

SIXTH CAUSE OF ACTION:

26. Paragraphs 1 through 25 are realleged and incorporated herein by reference.

27. As a direct and proximate result of the Defendant manufacturing asbestos materials and placing them in the stream of interstate commerce, and their subsequent use in the insulation and other trades, private industries and in shipyards and on ships, and so that the aforesaid described materials came into use by Plaintiff first named, and/or to which he came in contact, Plaintiffs have been injured as described herein.

28. There is a high probability that the injuries stated herein were caused by the tortious behavior of the Defendant.

29. Defendant concertedly adhered to a dangerous, industry-wide safety standard in their manufacture of the asbestos products.

30. Defendant manufacturer is liable to Plaintiffs for all injuries stated herein by virtue of industry-wide or enterprise liability.

SEVENTH CAUSE OF ACTION:

31. Paragraphs 1 through 30 are realleged and incorporated herein by reference.

32. At all times and places mentioned herein, Defendant, so designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and/or delivered the hereinabove described certain asbestos products so as to know said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such products are normally used and intentionally caused the injuries hereinabove described to Plaintiffs.

EIGHTH CAUSE OF ACTION:

33. Paragraph 1 through 32 are realleged and incorporated herein by reference.

34. Plaintiff first named PHILIP T. SOLATORIO and others in his position worked in close proximity to the asbestos-containing products of Defendant, and the presence of Plaintiff first named PHILIP T. SOLATORIO, as well as others in his position, was known, or, in the exercise of reasonable care, should have been anticipated by Defendant.

35. The Defendant has possessed since 1929, medical and scientific data which clearly indicates that the products, asbestos and asbestos related insulation products, were hazardous to the health and safety of Plaintiff first named and others in his position, and prompted by pecuniary motives, Defendant, ignored and failed to act upon said medical and scientific data and conspired to deprive the public, and particularly the users, of said medical and scientific data, depriving them, therefore, of the opportunity of free choice as to whether or not to expose themselves to the asbestos products of said Defendant. As a result, Plaintiffs have been severely damaged as is set forth below.

36. At all times and places mentioned herein, Defendant, so negligently designed, manufactured, selected materials, assembled, inspected, tested, maintained for sale, marketed, distributed, leased, sold, rented, recommended and delivered the hereinabove described certain

asbestos products so as to cause said asbestos products to be in a defective and unsafe condition, and unfit for use in the way and manner such equipment is customarily treated, used, and employed in a manner as to amount to reckless and wanton disregard for the safety, health, welfare, and feelings of Plaintiffs, and for that reason, Plaintiffs claim punitive damages against Defendant, in the amount shown at trial.

WHEREFORE, Plaintiffs demand judgment against Defendant in an amount of damages that is within the minimum jurisdictional limits of this Court, as follows:

1. General damages as are proven at the time of trial;

2. Special damages as are proven at the time of trial;

3. Punitive damages as are proven at the time of trial;

4. For costs incurred herein; and

5. For such other and further relief as may be deemed just and equitable in the premises, including, but not limited to, prejudgment interest.

/s/L. Richard DeRobertis
L. RICHARD DeROBERTIS
ILANA K. WAXMAN
ALLISON M. AOKI
ALYSSA R. SEGAWA
Attorneys for Plaintiffs

| STATE OF HAWAI'I CIRCUIT COURT OF THE FIRST CIRCUIT | SUMMONS TO ANSWER CIVIL COMPLAINT | CASE NUMBER |
|---|---|---|
| PLAINTIFF<br>PHILIP T. SOLATORIO and<br>DIANNA S. SOLATORIO | VS. | DEFENDANT(S)<br>CRANE COMPANY, a Delaware corporation |

**PLAINTIFF'S NAME & ADDRESS, TEL. NO.**

PHILIP T. SOLATORIO and DIANNA S. SOLATORIO
c/o Galiher DeRobertis & Waxman LLP
820 Mililani Street, Suite 505
Honolulu, HI 96813
Ph: (808) 597-1400

**TO THE ABOVE-NAMED DEFENDANT(S)**

You are hereby summoned and required to file with the court and serve upon

Galiher DeRobertis & Waxman LLP
820 Mililani Street, Suite 505
Honolulu, HI 96813                                                                                           ,

plaintiff's attorney, whose address is stated above, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the date of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

**THIS SUMMONS SHALL NOT BE PERSONALLY DELIVERED BETWEEN 10:00 P.M. AND 6:00 A.M. ON PREMISES NOT OPEN TO THE GENERAL PUBLIC, UNLESS A JUDGE OF THE ABOVE-ENTITLED COURT PERMITS, IN WRITING ON THIS SUMMONS, PERSONAL DELIVERY DURING THOSE HOURS.**

**A FAILURE TO OBEY THIS SUMMONS MAY RESULT IN AN ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST THE DISOBEYING PERSON OR PARTY.**

| The original document is filed in the Judiciary's electronic case management system which is accessible via eCourt Kokua at: http:/www.courts.state.hi.us | Effective Date of 28-Oct-2019<br>Signed by: /s/ Patsy Nakamoto<br>Clerk, 1st Circuit, State of Hawai'i  |
|---|---|

 In accordance with the Americans with Disabilities Act, and other applicable state and federal laws, if you require a reasonable accommodation for a disability, please contact the ADA Coordinator at the Circuit Court Administration Office on OAHU- Phone No. 808-539-4400, TTY 808-539-4853, FAX 539-4402, at least ten (10) working days prior to your hearing or appointment date.

Form 1C-P-787 (1CCT) (10/19)
Summons to Complaint    RG-AC-508 (10/19)

RECEIVED
JAN 08 2021
Crane Co.

GALIHER DeROBERTIS & WAXMAN LLP

| L. RICHARD DeROBERTIS | 3179 |
| ILANA K. WAXMAN | 8733 |
| ALLISON M. AOKI | 6912 |
| ALYSSA R. SEGAWA | 9798 |

820 Mililani Street, Suite 505
Honolulu, Hawai`i 96813-2935
Telephone: (808) 597-1400
Facsimile: (808) 591-2608

**Electronically Filed
FIRST CIRCUIT
1CCV-20-0001644
10-DEC-2020
09:33 AM
Dkt. 3 PET**

Attorneys for Plaintiffs

## IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

### STATE OF HAWAI`I

| | |
|---|---|
| IN RE: ) | CIVIL NO. _____(JHA) |
| HAWAI`I STATE ASBESTOS CASES ) | (Toxic Tort/Asbestos Personal Injury) |
| ) | |
| This Document Applies To: ) | REQUEST TO EXEMPT CASE FROM THE |
| ) | COURT ANNEXED ARBITRATION |
| PHILIP T. SOLATORIO and ) | PROGRAM; SUMMARY OF FACTS |
| DIANNA S. SOLATORIO, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | (Not Assigned Trial Date) |
| CRANE COMPANY, a Delaware ) | |
| corporation, ) | Complex Litigation |
| ) | Judge: Honorable James H. Ashford |
| Defendants. ) | |
| ) | |
| _____ ) | |

N:\Clients\51-4355\Pleadings\ReqExCAAP (Crane).doc

### REQUEST TO EXEMPT CASE FROM THE
### COURT ANNEXED ARBITRATION PROGRAM

COME NOW Plaintiffs by and through their attorneys undersigned, and hereby request that the above entitled matter be exempt from the Court Annexed Arbitration Program, as the

probable jury award value, not reduced by the issue of liability, and exclusive of attorney's fees, interest and cost, is in excess of $150,000.00. Also, this case is for asbestos-related personal injuries and is automatically assigned to complex litigation pending before the Honorable James H. Ashford.

This request is made pursuant to Rule 8(A) of the Hawai`i Arbitration Rules, as amended, and the Summary of Facts attached hereto.

DATED: Honolulu, Hawai`i, December 10, 2020                        .

/s/L. Richard DeRobertis
L. RICHARD DeROBERTIS
ILANA K. WAXMAN
ALLISON M. AOKI
ALYSSA R. SEGAWA
Attorneys for Plaintiffs

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI`I

| | |
|---|---|
| IN RE:<br>HAWAI`I STATE ASBESTOS CASES<br><br>This Document Applies To:<br><br>PHILIP T. SOLATORIO and<br>DIANNA S. SOLATORIO,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>CRANE COMPANY, a Delaware<br>corporation,<br><br>　　　　　Defendants. | CIVIL NO. _____(JHA)<br>(Toxic Tort/Asbestos Personal Injury)<br><br>SUMMARY OF FACTS<br><br><br><br><br><br>Trial Date: Not Assigned<br>Complex Litigation<br>Judge: Hon. James H. Ashford |

## SUMMARY OF FACTS

1.　　Plaintiff PHILIP T. SOLATORIO has lung cancer and other asbestos related diseases as a result of being exposed to asbestos.

2.　　This is a complex asbestos products liability action against a corporate defendant who manufactured the asbestos containing products which caused plaintiff's injuries. This is subject to the complex asbestos litigation designation pending before the Honorable James H. Ashford.

3.　　Punitive damage claims are also being made against defendant.

4. Therefore, we believe the probable jury award will be in excess of $150,000.00, and ask that this case be exempted from the Court Annexed Arbitration Program.

DATED: Honolulu, Hawai'i, <u>December 10, 2020</u>                         .

<u>/s/L. Richard DeRobertis</u>
L. RICHARD DeROBERTIS
ILANA K. WAXMAN
ALLISON M. AOKI
ALYSSA R. SEGAWA
Attorneys for Plaintiffs
